UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FOR MYERS DIVISION

UNITED STATES OF AMERICA

v.  CASE NO: 2:15-cr-115-FtM-38CM

KATHLEEN SMITH
_____/

# **ORDER**[1]

Pending before the Court is Defendant Kathleen Smith's *pro se* Motion for Recommendation Regarding Length of RRC Placement. (Doc. 492). For the following reasons, the Court declines to recommend RRC placement to the BOP.

In June 2015, the Court sentenced Smith to forty months imprisonment for conspiracy to possess with intent to distribute one or more kilograms of heroin. (Doc. 410). Smith declined to make a statement at her sentencing hearing (Doc. 401), but the Court heard her attorney's argument on how and why Smith became involved in the drug conspiracy and her role in the scheme. The Court considered these arguments in sentencing Smith to a below the Guidelines sentence. It also recommended that she be incarcerated in a facility close to home. (Doc. 410 at 2).

Smith now moves for a judicial recommendation to the Bureau of Prisons ("BOP") that she be placed in a residential reentry center ("RRC") for six to nine months. (Doc. 492). To support her request, Smith says that she gave birth to her third daughter last

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

month in prison and that her children are living with her mother in Florida. (Doc. 492-1). Smith says that placement in a halfway house will get her "better established" in Florida to care for her children after prison. (Doc. 492-1 at 1). She indicates that she and her mother may struggle to care for her children.

Under federal law, once a court imposes a sentence, the BOP assumes legal authority over the prisoner. Only the BOP can designate the place of a prisoner's imprisonment. See 18 U.S.C. § 3621(b); *United States v. Sonny Austin Ramedo*, 705 F. App'x 839, 840-41 (11th Cir. 2017) (stating "the BOP is afforded wide discretion in classifying and housing prisoners" (citations omitted)). The agency decides a place of imprisonment based on certain factors including the sentencing court's recommendation on "a type of penal or correctional facility." 18 U.S.C. § 3621(b)(4)(B). "Any order, recommendation, or request by a sentencing court that a convicted person serve a term of imprisonment in a community corrections facility shall have no binding effect on the authority of the Bureau under this section to determine or change the place of imprisonment of that person." *Id.* § 3621(b).

Also, 18 U.S.C. § 3624(c) provides that a federal inmate may be granted pre-release custody, in which she may serve a part of her federal sentence in, among other things a community correctional facility. "The BOP considers all five factors listed in § 3621(b), as well as the guidelines under § 3624(c)(1), and makes an individual determination on each inmate's placement into an RRC." *United States v. Horton*, No. 2:12-cr-7-BO-1, 2017 WL 3204479, at *1 (W.D.N.C. July 27, 2017) (citations omitted). One factor considered is the sentencing court's recommendation on a "type of penal or correctional facility" for the defendant. See *id.*

Here, the Court recommended a prison placement for Smith in its judgment, *i.e.*, she be housed close to home. (Doc. 410 at 2). Because it did not recommend RRC or halfway house placement, the Court construes Smith's motion to request a supplemental recommendation on RRC or halfway house placement.[2] At sentencing, the Court carefully considered multiple facts bearing on Smith's incarceration – many that Smith reiterates in this motion. The Court did not find at sentencing – nor does it find now – that a recommendation to the BOP on RRC placement to be warranted. *See, e.g.*, *Ramedo*, 705 F. App'x at 840 (rejecting defendant's argument that the district court was required to recommend to the BOP that his "public safety factor" designation be removed). Not to mention, the Court imposed a sentence that was two years less than the low-end of her calculated Sentencing Guidelines' range.

That said, the Court commends Smith for her achievements while in custody and her clear conduct record. It also understands her demands and responsibilities as a mother. But the BOP will have the opportunity to consider her accomplishments, behavior record, and family needs when deciding her eligibility, if any, for RRC placement. The Court declines to interfere in that decision.

Accordingly, it is

**ORDERED:**

Defendant Kathleen Smith's *pro se* Motion for Recommendation Regarding Length of RRC Placement (Doc. 492) is **DENIED**.

---

[2] To the extent that Smith seeks the Court to amend the judgment, it has no basis to do so under the circumstances presented. "The court may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). This rule has certain exceptions, none of which applies. *Id.*

**DONE AND ORDERED** at Fort Myers, Florida on this 20th day of April 2018.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: Parties of Record